# A. F. EDWARDS v. B. B. SMITH.[1]

January 16, 1914.

Nos. 18,360—(191).

**Ejectment.**

Action in ejectment. The answer admitted plaintiff was the owner of the land, but that defendants were rightfully in possession under a lease from plaintiff's grantor. The supplemental answer alleged that, after the original answer was served, plaintiff took and was in the actual possession of the premises, and neither defendant was in possession of any part of the land, and prayed for a dismissal of the action. *Held:* The supplemental answer entitled plaintiff to judgment on the pleadings. The questions raised were moot questions. [Reporter.]

Action in the district court for Meeker county. The facts are stated in the opinion. The case was tried before Powers, J., who denied plaintiff's motion for judgment on the pleadings, made findings and ordered judgment in favor of plaintiff. From an order denying defendant B. B. Smith's motion for a new trial, he appealed. Affirmed.

*Ray H. Dart* and *Albert F. Foster,* for appellant.

*N. D. & C. H. March* and *Alva R. Hunt,* for respondent.

PER CURIAM.

Action in ejectment for the recovery of 80 acres of land in Meeker county. The complaint was in the usual form, alleging ownership in plaintiff, and that defendants unlawfully retained possession. The answer admitted that plaintiff was the owner of the land, but claimed that defendants were rightfully in possession under a lease from plaintiff's grantor. The reply admitted this lease, but alleged that it contained a provision that, in case of a sale of the premises, the sale would cancel the lease, and that defendants would surrender the premises on 30 days' written notice. It further alleged that this notice had been duly given. A supplemental answer alleged that, after the original answer was served, plaintiff took possession of the premises, and "is now in the actual possession and occupation of the whole of the same, and that neither of the defendants is now in the possession of any part of the said lands. Wherefore the defendants ask the judgment of the court that the plaintiff take nothing by this action, that the action be dismissed and that the defendant recover of the plaintiff their costs and disbursements herein."

The trial was by the court without a jury. The decision was that the action

1 Reported in 144 N. W. 1090.

should be dismissed upon the merits as to defendant Marcia Smith, that plaintiff was the owner and entitled to the possession of the land, and that defendants have no right, title or interest therein by virtue of the lease. Defendant B. B. Smith moved for a new trial. The motion was denied and he appealed.

The first assignment of error is that the court erred in refusing to dismiss the case on the ground that it appeared from the pleadings that plaintiff was already in possession of the lands. It is true that it appeared from the supplemental answer that plaintiff had taken possession after the action was brought, but this answer did not ask a dismissal upon this ground, nor did defendant offer to let plaintiff have judgment determining her right to possession. He demanded, on the contrary, a judgment in his favor on the merits, with costs. We are unable to hold that it was error not to dismiss the case.

We are of the opinion, however, that the supplemental answer in effect admitted plaintiff's right to possession, and entitled her to a judgment on the pleadings. It does not allege that plaintiff took possession by force or wrongfully, and, from the nature of defendant's occupancy of the premises, it is difficult to see how plaintiff could have acquired possession except by the voluntary act of defendant. If defendant relinquished possession voluntarily, it is difficult to see what issue there was for trial in the case. Admittedly plaintiff was the owner of the land and entitled to possession, except for defendant's rights under his lease. The questions raised as to the admissibility and effect of the provision of the lease written after the signatures, as to the validity of the notice, and as to admitting in evidence certain depositions, are therefore moot questions, and we decline to consider or decide them. It may be noted also that the lease will expire by lapse of time in less than two months.

Order affirmed.